UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAWN O.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C25-5303-BAT

**ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS**

Plaintiff Dawn O. seeks review of the denial of her application for Supplemental Security Income. She argues that the ALJ erred in evaluating her testimony and that remand for an award of benefits is the appropriate remedy for this error. Dkt. 10. The Court agrees and therefore **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an immediate award of benefits.

## BACKGROUND

Plaintiff is currently 46 years old and was 40 years old on her alleged onset date; she has a limited education and no past relevant work. Tr. 823. Plaintiff applied for benefits in October 2019; she later amended her claim to allege a closed period of disability from October 8, 2019, to May 31, 2021. Tr. 87-88; 392. After her application was denied initially and on reconsideration, the ALJ conducted a hearing and, on June 29, 2022, issued a decision finding plaintiff not

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 1

disabled. Tr. 15-30. Plaintiff sought judicial review, and, on September 6, 2023, this Court reversed the ALJ's decision and remanded the case for further administrative proceedings. Tr. 908-13. On remand, the ALJ conducted another hearing and, on February 6, 2025, issued a new decision finding plaintiff not disabled. Tr. 810-25. Plaintiff now seeks review of the February 2025 decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had engaged in substantial gainful activity since June 1, 2021, but had not engaged in substantial gainful activity from October 8, 2019, through May 31, 2021; she had the following severe impairments: premenstrual dysphoric disorder (PMDD), post-traumatic stress disorder (PTSD), and major depressive disorder; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 813-15. The ALJ found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she could understand, remember, and carry out detailed but not complex instructions; perform predictable tasks but not in a fast-paced, production-type environment; with exposure to occasional workplace changes and occasional interaction with supervisors, coworkers, and the general public, but not in a team-oriented environment. Tr. 816. The ALJ found that plaintiff had no past relevant work but, as there are jobs that exist in significant numbers in the national economy that plaintiff could have performed during the relevant period, she was not disabled since October 8, 2019. Tr. 823-25.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 2

**DISCUSSION**

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

A.  **Plaintiff's testimony**

Plaintiff's sole claim of error is in the ALJ's assessment of her testimony about the effects of her PMDD during the relevant period. Dkt. 10 at 1. This is the same error that was the basis for this Court's previous reversal and remand for further administrative proceedings. Tr. 910-11. Plaintiff argues that the ALJ failed to correct the error on remand and again committed error in rejecting her testimony. Dkt. 10 at 1. The Court agrees.

Where, as here, the ALJ did not find plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir.

2015). A conclusory statement rejecting a claimant's testimony that fails to identify specifically which statements the ALJ found not credible and why is not sufficient to reject a claimant's testimony, even when that statement is followed by a summary of the evidence. *Id.*

Plaintiff's allegations center on the effects of her PMDD. She alleges that during the relevant period, the symptoms of her PMDD, including anger, disruptive outbursts, and verbally hostile behavior, prevented her from working. Dkt. 10 at 2-3; Tr. 94-96. After a suicide attempt in February 2021, plaintiff was diagnosed with PMDD and began taking a new medication to treat her PMDD symptoms. Tr. 86. Plaintiff alleges that with this new medication, her symptoms improved to such an extent that she was able to begin working on June 3, 2021, thus leading to her claim for a closed period of disability ending on May 31, 2021. Tr. 86-87.

The ALJ found that evidence from the treatment record showed that plaintiff was not as restricted as she alleged. Tr. 818. The ALJ summarized treatment records from the relevant period, including therapy notes, a consultative psychological examination, treatment notes from plaintiff's primary care providers, and records from plaintiff's hospitalization after her February 2021 suicide attempt. Tr. 818-20. However, the ALJ did not connect the records in this summary to plaintiff's testimony or explain how the records undermined her allegations. An ALJ "'providing a summary of medical evidence . . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter*, 806 F.3d at 494). Even where a reviewing court could identify inconsistencies with the claimant's testimony based on the ALJ's summary of the evidence, such reasoning is unavailing, as the court "'is constrained to review the reasons the ALJ asserts.'" *Id.* (quoting *Brown-Hunter*, 806 F.3d at 494). Because the ALJ failed to provide reasons for discounting plaintiff's testimony based on the records he

summarized, the Court cannot determine whether the ALJ rejected plaintiff's claims on permissible grounds. Accordingly, the ALJ's summary of the evidence did not provide a valid basis for discounting plaintiff's testimony.

Following the summary of the evidence, the ALJ specifically addressed plaintiff's anger outbursts in one sentence, finding that although plaintiff reported anger outbursts with family and employers, she generally behaved appropriately and was described as cooperative and able easily to engage. Tr. 820. To support this finding, the ALJ cited to counseling notes stating that plaintiff engaged in her counseling sessions and hospitalization records stating that plaintiff was cooperative. *Id.* (citing Tr. 422, 425, 429, 432, 435, 438, 440, 473, 474, 477, 479, 481, 500, 501, 508, 515, 518, 520, 540). But the notations the ALJ cites to are standard or formulaic notations indicating that plaintiff was able to participate in therapy and/or medical treatment. They were not substantive assessments of plaintiff's behavior in those settings, let alone an assessment of her behavior outside of a therapeutic or treatment-focused setting. These bare bones notations are insufficient to constitute substantial evidence to support the ALJ's rejection of plaintiff's testimony.

The ALJ concluded the assessment of plaintiff's testimony by stating that the discussion of the medical evidence established that plaintiff had significant limitations but failed to establish more restricted functioning than set forth in the RFC finding. Tr. 821. This conclusory statement again fails to provide any specific findings supported by substantial evidence for rejecting plaintiff's allegations about the effects of her PMDD. The ALJ committed harmful legal error by rejecting plaintiff's testimony without providing clear and convincing reasons for doing so.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 5

**B.     Remedy**

Plaintiff asserts that the proper remedy for this error is remand for payment of benefits. Dkt. 10 at 8. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The Court finds that all the conditions for an award of benefits are met. After two hearings regarding a closed period that ended over four years ago, the record has been fully developed and further administrative proceedings would serve no useful purpose. The ALJ failed, for the second time, to provide valid reasons to reject plaintiff's testimony. And, if the improperly rejected testimony were credited as true, the ALJ would be required to find plaintiff disabled for the closed period at issue. The vocational expert at the first hearing testified that a person who had behavioral outbursts at work would be fired, either after the first incident for an assault or other serious behavior, or after a warning for lesser behavior. Tr. 106. The VE at the second hearing similarly testified that an employee having an anger outburst against either coworkers or supervisors would not be tolerated beyond one instance if it created an unsafe working environment and would otherwise not be tolerated beyond one time of corrective action, and such an individual would not be able to maintain long term employment. Tr. 869-70. Finally, the Court finds no reason to exercise its discretion and allow the ALJ a third opportunity to

consider plaintiff's testimony about the effects of her PMDD. Instead, the Court concludes that remand for an award of benefits for the closed period is the appropriate remedy in this case.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for an immediate award of benefits.

DATED this 29th day of September, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge